THE MAYOR AND COUNCILMEN OF FROSTBURG *vs.*
EDWARD DUFTY.

*Municipal Corporation—Defective sewer—Contributory neg-
ligence—Duty to keep Sewer in Repair—Evidence—Dam-
ages subsequent to Institution of Suit.*

In an action against a municipal corporation for injuries done to
property by being flooded with surface water and drainage through
negligent construction of a sewer, the plaintiff is not precluded
from recovering damages by the fact, that his house was built on
ground made by filling up a dry run, thus obstructing the natural
drain or outlet for surface water from the surrounding hills.

A municipal corporation is liable not only for negligence in the
construction of a sewer, but also for negligence in failing to keep
it in proper repair.

In an action against a municipal corporation to recover for injury
done to property, caused by the negligent construction of a
sewer, the plaintiff proved that in grading B. street the defendant
diverted the natural flow of the surface water, and conveyed it by
gutters on the west side of the street to the mouth of the sewer.
He also proved that the defendant conveyed the surface water from
H. and L. streets to the east side of B. street, and thence by
means of gutters on the east side of B. street, to an opening made
in the culvert opposite the plaintiff's house, and that this open-
ing was made in such a careless and negligent manner that the
water coming down on the east side of the street was dammed up,
and flooded the plaintiff's house.  HELD :

That the evidence showing injury to the plaintiff's property by
reason of surface water being conducted thereto by the construc-
tion of gutters by the defendant on H. and L. streets, was inad-
missible, such work having been done after suit brought.

Damages arising subsequent to the action may be taken into con-
sideration where they are the natural and necessary result of the
act complained of, but evidence in regard to facts occurring sub-
sequent to the action, and which are in themselves a sufficient
ground for a distinct suit, is not admissible.

APPEAL from the Circuit Court for Alleghany County.

The case is stated in the opinion of the Court.

*First Exception.*—The plaintiff offered evidence tend-
ing to show that the defendant had notice of the
condition of the culvert in question, and that the same
was insufficient, in time to remedy it; and then offered
to prove: "That the water from that part of the hill,
southeast of Bowery street, formerly ran eastwardly,
but that the defendant diverted the natural flow of the
water from its eastward direction, and made it run
into one of the gutters of Bowery street, the eastern-
most one, and from thence down to the culvert." To
this offer the defendant objected, but the Court (HOFF-
MAN and SYESTER, J.,) overruled the objection, and per-
mitted the witness to testify that the defendant trained
or diverted surface water into the east gutter of
Bowery street, which thence flowed down to the said
opening in said culvert, by constructing ditches or
gutters on Hill street, Loo street, and other streets
connecting with Hill street. The defendant excepted.
(The plaintiff's witness on cross-examination testified
that the work on Hill and Loo streets was done after
institution of the suit.)

*Second Exception.*—Omitted, not having been passed
upon by the Court.

*Third Exception.*—The plaintiff offered the two prayers
following:

1. That if the jury find from the evidence that the
defendant built the culvert or underground sewer
spoken of by the witness, leading from the point on
Bowery street, opposite one side of Charles street,
diagonally across said Bowery street, and emptying on
the east side thereof, and that said culvert or sewer
was intended to receive and carry off the surface water

flowing down, along and through said Bowery and Charles streets in time of rain or thaw; and further find that said sewer was constructed in such a careless, unskillful and improper manner, and so insufficient in size and capacity as instead of carrying off said water without interfering with the plaintiff's premises, to cause the same to accumulate in large quantities at the upper end thereof, and from thence to flow over the bed of said Bowery street, to, upon and against the property of the plaintiff, and injure and damage the same; and if they further find that the defendant, or its proper agents, had notice, or might by care and diligence have obtained notice of the defective and insufficient condition of said culvert and structures, a sufficient time before the occurrence of the injury complained of, to have remedied the same, then the plaintiff is entitled to recover in this action.

2. That if the jury find that the defendant opened and laid out Charles and Bowery streets, and constructed gutter ways along the sides of the same to receive and carry off the surface water flowing into said streets from the adjacent hills, and further find that such surface water, by means of said gutters, was carried down in such times of rain and thaw, and in large quantities, and thereby caused to accumulate in large quantities at a point on the east side of Bowery street, opposite the premises of the plaintiff, near the east side of a culvert constructed by the defendant across said Bowery street at said place; and if the jury further find that the defendant built said culvert across said street, and made, as part of the same, an opening into the same on one side thereof, near its eastern end, to receive and carry off through said culvert the said surface water so collected as aforesaid, and further find that said sewer or culvert and said opening into the same were constructed in such a careless and unskillful

and improper manner, and so insufficient in size and capacity, as instead of carrying off said water without interfering with the plaintiff's premises, to cause the same to accumulate in large quantities and dam up at said opening into said culvert, and from thence to flow over, upon, against and into the property of the plaintiff, to the injury and damage of same; and if they further find that the defendant, or its proper agents, had notice, or might by care and diligence have obtained notice of the defective and insufficient condition of said culvert and structures a sufficient length of time before the occurrence of the injury complained of, to have remedied the same, then the plaintiff is entitled to recover in this action.

The defendant offered nine prayers, the following only were passed upon by the Court:

1. That Frostburg is an incorporated town under the charter offered in evidence, and is not liable to the plaintiff for any damage done to his property by surface water flowing naturally thereto, and that even if the jury find that some portion of the surface water flowing to plaintiff's premises was conducted thereto by the construction of defendant's streets and gutters, the plaintiff cannot recover in this action, unless they find that the defendant constructed its said streets and gutters in a negligent and unskillful manner, and thereby conducted the surface water to the plaintiff's premises in such increased quantities as to cause the injury complained of.

2. That if the jury find the damages complained of was caused by surface water flowing naturally to the plaintiff's premises, increased in volume by surface water conducted thereto by the construction of defendant's streets and gutters, then the plaintiff cannot recover, unless the jury further find that the injury complained of was caused by such increase of the

volume of surface water, and would not have occurred except for such increase in the volume of the surface water.

3. That if the jury find from the evidence that prior to 1874, one John Harris owned the house and lot mentioned in evidence, and that in 1874, he conveyed it to the plaintiff, and that in 1873 and prior thereto, there was a dry run or drain running across said lot, and that in time of heavy rains and melting snow, surface water running naturally from adjacent hill sides ran in great quantities and force through said dry run or drain, and that said John Harris filled in with earth and encroached upon the bed of said dry run or drain, and constructed an artificial drain under the place filled in with earth, and then built the house or portion of the house mentioned in evidence, over and upon the ground so made, by encroaching upon and filling up a part of said dry run or drain, and that the injury complained of was caused or contributed to by the construction of said house in the manner aforesaid, then the plaintiff cannot recover in this case.

4. That if the jury find from the evidence that the injury to the plaintiff's house complained of, was caused by surface water flowing naturally thereto, and not conducted thereto by the defendant, or any work by it constructed, then their verdict must be for the defendant.

5. That under the pleading and evidence in this cause the plaintiff cannot recover for any injury done to his property, by reason of surface water being conducted thereto, by the construction of ditches or gutters by the defendant on Hill street, and on Loo street.

The Court granted the plaintiff's prayers, and rejected the first, second, fifth, sixth, seventh and eighth prayers of the defendant. The defendant's ninth prayer was conceded. The Court modified the third and fourth

prayers of the defendant, and granted them as modified, as follows:

3. That if the jury find from the evidence that prior to 1874, one John Harris owned the house and lot mentioned in evidence, and that in 1874 he conveyed it to the plaintiff, and that in 1873, and prior thereto, there was a dry run or drain running across said lot, and that in times of heavy rains and melting snow surface water running naturally from adjacent hill sides, ran in great quantities and force through said dry run or drain, and that said John Harris filled in with earth and encroached upon the bed of said dry run or drain, and constructed an artificial drain under the place filled in with earth, and then built the house or portion of the house mentioned in evidence over and upon the ground so made by encroaching upon and filling up a part of said dry run or drain, and that a part of the injury complained of was caused or contributed to by the construction of said house in the manner aforesaid, and not by any increased quantity of water passing or flowing through said culvert or natural watercourse, or flowing over the street to the premises by reason of the neglect or insufficient construction and maintenance of the culvert under Bowery street, then the plaintiff cannot recover in this case, for such portion of said injury, if any, as the jury may find was caused by the building said house in, upon or over the bed of said natural run or watercourse.

4. That if the jury find from the evidence that the injury to the plaintiff's house complained of was caused by surface water flowing naturally thereto, and not conducted thereto by the defendant by reason of any work by it insufficiently, or negligently constructed or maintained, then their verdict must be for the defendant. The defendant excepted, and the verdict and judgment being for the plaintiff this appeal was taken.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*William C. Devecmon*, and *Ferdinand Williams*, for the appellant.

*Benjamin A. Richmond*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The plaintiff's house is on the east side of Bowery street, opposite the "Hitchins" property, and was injured by being flooded with surface water and drainage, caused, it is alleged, by the negligent construction of the same sewer across Bowery street, which was the subject matter of controversy in the Hitchins case.

In addition to the proof offered in that case in regard to the grading of Bowery street, and the negligent construction of the sewer, the plaintiff proved that the defendant diverted the natural flow of his surface water from Hill and Loo streets, and conveyed it by gutters to the east' side of Bowery street, and thence to the sewer opposite the plaintiff's house,—that the opening made into the sewer for the water coming down on the east side of the street was negligently made, in consequence of which the surface water and drainage dammed up, and flooded the plaintiff's house. So in this case it appears that the surface water and drainage was brought to the sewer by gutters on both the *west and east sides* of Bowery street.

The defendant proved that the plaintiff's house was built on ground made by filling up a dry run, which was the natural drain or outlet for surface water from the surrounding hills during heavy rains, and that the injury complained of was caused by said water flowing naturally to and against the plaintiff's house.

In granting the plaintiff's first and second prayers, the question whether the injury was caused by the

negligent and unskillful construction of the sewer, was fairly submitted to the jury. The facts set forth in these prayers and upon which the plaintiff's right to recover is based, are in themselves a denial of the facts relied on by the defendant, and it was unnecessary therefore to negative in terms the proof offered by the defendant.

Quite a number of prayers were offered by the defendant, several of which it seems to us have no bearing whatever upon the issues before the jury. As to the first and second, it is sufficient to say, that the plaintiff's right to recover did not depend upon the negligence of the defendant in grading its streets, or in the construction of its gutters, nor upon the fact that the surface water was brought in increased quantities to the mouth of the sewer. The real question in issue, was the negligent construction of the sewer, in consequence of which the plaintiff's house was injured.

The modification by the Court of the defendant's third prayer was a proper modification. The plaintiff had the right in the exercise of his judgment, to build his house on ground made by filling up a dry run, and the fact that he may have suffered some injury by thus obstructing the natural flow of the surface water from the adjoining hills, is no reason, as we have said in the Hitchins case, why he should not recover damages for a wholly separate and independent injury resulting from the defendant's negligence.

Nor is there any objection to the modification of the fourth prayer. The defendant was liable not only for negligence in the construction of the sewer, but also for negligence in failing to keep it in proper repair.

We come now to the only question in regard to which we have had any trouble in this case. The plaintiff proved that in grading Bowery street the de-

fendant diverted the natural flow of the surface water, and conveyed it by gutters on the *west* side of the street to the mouth of the sewer. He also proved, that the defendant conveyed the surface water from Hill and Loo streets to the *east* side of Bowery street, and thence by means of gutters on the east side of Bowery street to an opening made in the culvert opposite the plaintiff's house, and that this opening was made in such a careless and negligent manner, the water coming down on the east side of the street dammed up, and flooded the plaintiff's house. On cross examination of the witness, however, it appears that the work on Hill and Loo streets, by which the surface water from these streets was brought to the east side of Bowery street, was done after the suit was brought. And this being the case, the defendant by its fifth prayer asked the Court to instruct the jury that the plaintiff was not entitled to recover "for any injury done to his property, by reason of surface water being conducted thereto, by the construction of ditches or gutters by the defendant on Hill street and on Loo street." Now damages arising subsequent to the action may be taken into consideration, where they are the natural and necessary result of the act complained of. But evidence in regard to facts occurring subsequent to the action, and which are in themselves a sufficient ground for a distinct suit is not admissible. The act complained of when this suit was brought was the grading of Bowery street and bringing the surface water on the west side of the street, to the mouth of the culvert, and which by reason of the negligent construction of the sewer was discharged upon the plaintiff's premises. The work on Hill and Loo streets by means of which the surface water from these streets was conveyed to the east side of Bowery street, and thence to the sewer, had no relation or connection

with the injury for which the action was brought. Whether the sewer would have been sufficient for the escape of the surface water from the west side of Bowery street, but for the additional quantity emptied into it from the east side, it is impossible for us to say. And as the water on the east side was brought to the sewer after the institution of this suit, the evidence ought therefore to have been excluded from the consideration of the jury. We must for this error reverse the judgment, and we do so with some reluctance, if it be judicial so to speak, for it is high time the litigation in regard to this sewer was ended. For the third time it has been before this Court, and the expenses incurred in litigation far exceed the damages awarded by the jury, and exceed too, the cost of a new sewer across Bowery street.

*Judgment reversed, and*
*new trial awarded.*