(Decided 9th January, 1889.)

The Mayor and Councilmen of Frostburg *vs.* Owen Hitchins and Adam E. Hitchins, partners, trading as Hitchins Bros.

*Municipal Corporation—Construction of Sewers—Liability for Defective Sewer—Contributory negligence—Evidence.*

While a municipal corporation cannot be compelled to exercise the discretionary power conferred by its charter, to grade streets and build culverts and sewers, yet if it undertake to make such improvements, it is bound to exercise reasonable care in the execution of the work; and if by reason of the negligent construction of a sewer, the drainage, instead of flowing through it, is dammed up

Mayor and Councilmen of Frostburg *vs.* Hitchins Bros.

at its mouth and is discharged with injurious force upon the property of an adjacent owner, the corporation is answerable for the injury.

The fact that the ground behind the plaintiffs' house was wet and springy, and water during wet seasons percolated through the back wall, is no defence to an action against a municipal corporation for injury to the plaintiffs' house by being flooded with surface water and drainage, caused by the defendant's negligent construction of a sewer.

In an action against a municipal corporation to recover for injuries to property caused by the defendant's negligent construction of a sewer, evidence that the entire levy for city purposes, if applied to the construction of drains, culverts and sewers, would be insufficient to protect the property of all the citizens against injury from the natural flow of surface water during heavy rains, is inadmissible, the defendant being under no legal obligation to construct sewers for the escape of such water.

APPEAL from the Circuit Court for Alleghany County.

The case is stated in the opinion of the Court.

*First Exception.*—The defendant offered to prove that the Mayor and City Council of Frostburg levied for its purposes a tax of 50 cents on the hundred dollars, making a revenue of less than $5,000, and that the revenue thus raised, if wholly devoted to the construction of drains, culverts and sewers, would be insufficient to carry off and convey away from property abutting on the streets of the town surface water coming from and down hillsides, and down and along streets and gutters in time of rain and melting snow, and that more than its due proportion of such revenue had been expended in making and maintaining culverts and gutters to protect the plaintiff's property and that of Dufty; but the plaintiffs objected to said evidence being given, and the Court (HOFFMAN, J.,) refused to permit the defendant to give the same; to which ruling of the Court the defendant excepted.

*Second Exception.*—The plaintiffs offered the following prayer:

That if the jury find from the evidence that the defendant graded Bowery street and laid out Charles street, and constructed gutters along the west side of Bowery and north side of Charles streets, for the purpose of catching and carrying down the surface water flowing into said gutters from said streets and the adjacent hillsides in times of rain and thaw, and thereby made said surface water flow down said gutters to the mouth of the culvert spoken of by the witnesses; and further find that the defendant in grading said Bowery street raised the grade thereof opposite the mouth of said culvert, and built said culvert or underground sewer leading from a point on the west side of said Bowery street where said gutters on said Bowery and Charles streets meet or intersect diagonally across said Bowery street down to the east side thereof, and that said culvert or sewer was intended to receive and carry off the surface water so collected at the mouth of said culvert in times of rain and thaw, and further find that said culvert was constructed by the defendant in such a careless, unskillful and improper manner, and so insufficient in size and capacity as instead of carrying off said water to cause the same to dam up and accumulate in large quantities at the west end of said culvert, and from thence to flow back to, against, upon and into property of the plaintiffs, and injure and damage the same; and if they further find that the defendant or its proper agents had notice, or might by care and diligence have obtained notice of the defective and insufficient condition of said culvert and structures, a sufficient time before the occurrence of the injury complained of, to have remedied the same, then the plaintiffs are entitled to recover in this action, unless the jury further find that the damage, if any, to plaintiffs'

Mayor and Councilmen of Frostburg vs. Hitchins Bros.

property was caused by the plaintiffs, or those under whom they claimed, digging earth out of the cellar of the house or in removing earth from in front of the premises, or by water naturally percolating through the walls of said cellar.

The defendant offered four prayers as follows:

1. That if the jury find that the defendant in grading Bowery street elevated the same above the natural surface of the ground, and constructed a culvert under the same, and that said culvert was unskillfully made, and insufficient in size to carry off surface water flowing thereto in time of heavy rain and thaw, from the adjacent streets of defendant, and from fields and hillsides; and if they further find that plaintiffs' house was originally built near the upper end of said culvert and gutter along Bowery street, and had a cellar under the same, and the owner thereof converted or changed said cellar into a basement room, and in so doing dug the same about two and a-half feet deeper, and dug away the ground between the said gutter (near the upper end of the culvert,) and the foundation wall of the house, so as to make the said ground two and a-half feet or more, lower than it had been, and cut a door into the basement room in such a manner as to cause the water from the gutter to flow into the basement in time of heavy rain, then the plaintiffs cannot recover, if the jury find that such digging down of the cellar and of the earth between the gutter and wall of the house and cutting said door caused the water to flow into the basement and do the damage complained of.

2. That if the jury find from the evidence as follows:

First. That the injury complained of was caused by surface water flowing to the upper side of Bowery street from the streets of defendant and adjacent hillsides, and then in plaintiffs' premises.

Second. That plaintiffs' premises are situated on the upper side of Bowery street at its intersection with Charles street, in Frostburg.

Third. That the surface water flowed to the upper side of Bowery street at its intersection with Charles street naturally, and was not trained or diverted thereto by defendant.

Fourth. That the defendant, in grading Bowery street, raised the bed of the street somewhat above the natural surface of the land, but constructed it in such a manner that the highest part of the bed of the street was, and is six or seven inches lower than the lowest part of the natural surface of the land along the upper side of the street, so that surface water flowing to the upper side of the street, is not obstructed in its course by the bed of Bowery street; then the plaintiffs cannot recover in this action, even if the jury further find that there is a culvert leading from the upper side of Bowery street, near plaintiffs' premises, to the lower side of said street, made by defendant to carry off surface water, and insufficient in size for that purpose and unskillfully made.

3. That if the jury find from the evidence that the cellar or basement of the plaintiffs' premises was flooded by surface water flowing thereto, in time of rain and thaw, and diverted thereto, by defendant's grading of Bowery street, and by the insufficient culvert thereunder, and further find that the plaintiffs had notice of the insufficiency of the culvert, and that the water was thereby turned into their cellar or basement when they bought the property, or very soon thereafter, and that damage was caused to their property thereby; and if they further find that the plaintiffs could have prevented such damage to their property at a cost of $30 or $40, then they are not entitled to recover in this action any amount except the cost of doing the work

necessary to prevent such damage thereafter, and such amount as will compensate them for the damages which may have been sustained by their property during such reasonable time from the notice aforesaid, as the jury may find it would require with reasonable diligence for the plaintiffs to do the work necessary to prevent further injury to their property.

4. That if the jury find that the plaintiffs' house is a frame house, and that the rear side of said house rests on stone pillars, with the space between the pillars closed in with boards or planks, and that the ground behind the house is wet and swampy, and was not caused to be wet and swampy by any act of the defendant, and that the water in wet seasons flows into the plaintiffs' basement from said swampy ground through said planks at the back of the house, and that said water so flowing in contributed to the damage complained of, then the plaintiffs cannot recover in this action, even if the jury further find that water flowed into said premises from the front and side thereof in time of heavy rain and thaw by reason of the defendant's insufficient and unskillfully made culvert and work on Bowery street.

The Court granted the plaintiffs' prayer, rejected the defendant's fourth prayer, and modified its first and second prayers as follows, and granted the same as modified:

1. That if the jury find that the defendant, in grading Bowery street elevated the same above the natural surface of the ground and constructed a culvert under the same, and that said culvert was unskillfully made and insufficient in size to carry off surface water flowing thereto in time of heavy rain and thaw from the adjacent streets of defendant, and from fields and hillsides; and if they further find that plaintiffs' house was originally built near the upper end of said culvert

and a gutter along Bowery street, and had a cellar under the same, and the owner thereof converted or changed said cellar into a basement room, and in so doing dug the same about two and a half feet deeper, and dug away the ground between the said gutter (near the upper end of the culvert) and the foundation wall of the house, so as to make the said ground two and a half feet or more lower than it had been, and cut a door into the basement room in such a manner as to cause the water from the gutter along Bowery street, and the natural drainage of the surface water through Charles street to flow into the basement in time of heavy rain, then the plaintiffs cannot recover; if the jury find that such digging down of the cellar and of the earth, between the gutter and wall of the house, and cutting said door caused the water to flow into the basement, and do the damage complained of, and that such damage, if any, was not the result of the unskillful construction, or insufficient size of, or want of repair and attention to said culvert by said defendant.

2. That if the jury find from the evidence, as follows:

First. That the injury complained of was caused by surface water flowing to the upper side of Bowery street, from the streets of defendant and adjacent hillsides, and thence on plaintiffs' premises.

Second. That plaintiffs' premises are situated on the upper side of Bowery street, at its intersection with Charles street, in Frostburg.

Third. That the surface water flowed to the upper side of Bowery street, at its intersection with Charles street naturally, and was not trained or diverted thereto by defendant.

Fourth. That the defendant in grading Bowery street, raised the bed of the street somewhat above the natural surface of the land, but constructed it in such a manner that the highest part of the bed of the

street was, and is six or seven inches lower than the lowest part of the natural surface of the land along the upper side of the street, so that surface water flowing to the upper side of the street is not obstructed in its course by the bed of Bowery street; then the plaintiff cannot recover in this action, even if the jury further find that there is a culvert leading from the upper side of Bowery street, near plaintiffs' premises, to the lower side of said street made by defendant to carry off surface water, and insufficient in size for that purpose, and unskillfully made; provided, they further find that the unskillful construction of said culvert did not cause the damage complained of, if any.

The Court rejected the defendant's third prayer, and in place thereof instructed the jury as follows:

That if the jury find from the evidence that the cellar or basement of the plaintiffs' premises was flooded by surface water flowing therein in times of heavy rains, or thaws of snow and ice, and which said water was diverted thereto by defendant's grading and improvements on Bowery and Charles streets, and by reason of the insufficiency of the culvert under said Bowery street; and shall further find that the plaintiffs, at the time of or shortly after they purchased the property alleged to have been injured thereby, had notice of the insufficiency of said culvert, and notified the defendant of said insufficiency, but that said defendant took no steps to remedy said insufficiency and to prevent the further inflow and damage to the plaintiffs' said property; and if the jury shall further find that the plaintiffs could (after having waited a reasonable length of time for the defendant to remedy said defect in said culvert, and upon finding that the defendant was unwilling to and did not repair or remedy said defectiveness and insufficiency

in said culvert,) have prevented any further or continuing damage to their property after such first invasion or invasions thereof, and after the expiration of such reasonable time after such notice to the defendant, if the jury shall so find, at a small expense, or by the outlay of not more than thirty or forty dollars, and without injury to their property in so doing, but that plaintiffs did not do so, and took no steps to prevent further invasions of their property from said above mentioned cause, then the plaintiffs are not entitled to recover in this action for any further or subsequent damage and injury to their said property, if any, from said cause, but can recover only for such amount as the jury may find from the evidence it would have cost said plaintiffs to have made such repairs to their own premises as would have been sufficient and effective in preventing the further and continuing inflow of said surface water upon their premises, and such further or additional amount as will compensate them for the damages which their property may have sustained by reason of said invasion or invasions thereof, as are shown to have occurred prior to such notice by the plaintiffs to the defendant, and to the expiration of such reasonable time thereafter of the failure on the part of the defendant to make said repairs or improvements in said culvert, and for such further damages as the plaintiffs may have suffered, if any, during the time which the plaintiffs would have consumed, in the exercise of a reasonable diligence, to do the work necessary to prevent further injury to their property from said defective and insufficient culvert.

The defendant excepted to the rulings of the Court, and the verdict and judgment being against it, this appeal was taken.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*William C. Devecmon,* and *Ferdinand Williams,* for the appellant.

*Benjamin A. Richmond,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The main questions in this case are fully covered by the decision in the former appeal between the same parties, 68 *Md.,* 100. The plaintiffs' case is simply this: They are the owners of a house in Frostburg, at the corner of Bowery and Charles streets; and the defendant corporation in grading Bowery street, diverted the natural flow of the surface water, and conveyed it by artificial gutters to a *culvert or underground sewer,* built across Bowery street, opposite the plaintiffs' house, and in consequence of the negligent construction of the sewer, and neglect in keeping it in proper repair, the surface water and drainage, instead of passing through it, dammed up at its mouth, and flooded the plaintiffs' premises.   Of all this, the defendant had notice, but took no steps to remedy such defects.

As matter of defence, the defendant proved, that the sewer was properly constructed, and sufficient to carry off the surface water and drainage, except in extraordinary freshets, and that the injury complained of, was caused by the acts of the plaintiffs themselves, in deepening the cellar of the house, for the purpose of converting it into a basement room, and by removing the earth between the front basement wall and the street, in consequence of which the water flowed from the gutter along the street into the basement room of the house.   The defendant further proved, that the ground behind the plaintiffs' house was wet and springy, and that water during wet seasons percolated through

the back wall into the basement, thus contributing to the injury complained of.

In the former appeal, we said that if the defendant in grading Bowery street diverted the natural flow of the surface water, and conveyed it to the sewer in question, and that by reason of the negligent and unskillful construction of the sewer, the water dammed up at its mouth and flooded the plaintiffs' premises, and the defendant had notice of the defective construction of the sewer but neglected to remedy the same, the plaintiffs were entitled to recover. And so the Court in granting the plaintiffs' prayer, instructed the jury.

On the other hand, if the sewer was skillfully constructed and in proper repair, and the plaintiffs brought the mischief on themselves by deepening the cellar, and by the removal of the earth between the front wall and the street, the defendant was not liable. The plaintiffs had the right of course to deepen the cellar of the house, and in so doing did not in any manner relieve the defendant of the responsibility of exercising reasonable care in the construction of the sewer. And there can be no objection therefore to the Court's modification of the defendant's first prayer.

But it is argued, that if the defendant did not divert or obstruct the natural flow of the surface water, the action will not lie, even though the sewer was negligently and unskillfully constructed. To this we cannot agree. The power under its charter to grade streets and build culverts and sewers, is a *discretionary* power, to be exercised by the city authorities whenever in their judgment the public good required it. For the non-exercise of such a power no action it is true will lie, but if they undertake to build a culvert or sewer for the purpose of carrying off the surface water and drainage, they are bound to exercise reasonable care in the execution of the work. And if by reason of the

Mayor and Councilmen of Frostburg *vs.* Hitchins Bros.

negligent construction of a sewer, the drainage instead of being able to flow through it, dams up at its mouth, and is discharged with destructive force upon the property of an adjacent owner, the corporation is answerable for the injury. It has no more right than an individual to collect surface water from its street into an artificial channel, and discharge it upon the property of another; nor has it any right to create or maintain a nuisance. And this being so, there was no error in the Court's modification of the defendant's second prayer.

The principle of contributory negligence on which the fourth prayer is based, does not, it seems to us, have any application to the facts in this case. The plaintiffs' house was injured by being flooded with surface water and drainage, caused, it is alleged, by the defendant's negligence. Now the fact that the ground behind the plaintiffs' house was wet and springy, and that water during wet seasons percolated through the back wall, is no reason why they should not recover for a separate and independent injury suffered in consequence of the negligent construction of the sewer across Bowery street. If there was negligence on the part of the plaintiffs in building their house upon a wet and springy piece of ground, such negligence has no connection whatever, with the negligence of the defendant in the construction of this sewer. As to the measure of damages laid down by the Court, the defendant has no reason certainly to complain. If the sewer was unskillfully built, it was the duty of the defendant as we have said on notice, to have remedied the same. And yet the Court instructed the jury, if the defendant failed to take any steps within a reasonable time to remedy the defective construction of the sewer, and to prevent further injury to the plaintiffs' property, and the plaintiffs themselves by the expenditure of thirty

or forty dollars, and without injury to their property, could have prevented further damage to their house, and did not do so, then they were not entitled to recover for any subsequent damage to their property. We do not understand on what principle such an instruction can be supported. But be that as it may, the plaintiffs are not here objecting to it, and the defendant it is plain, was in no manner prejudiced by it.

As to the evidence offered in the first exception, we agree with the Court below, that it was inadmissible. The offer to prove that the entire levy for city purposes, if applied to the construction of drains, culverts, and sewers, would be insufficient to protect all the property owners against injury from the natural flow of surface water during heavy rains, had no relevancy whatever to the question at issue. There was no legal obligation on the part of the defendant, to protect property owners against injury from the natural flow of the surface water, nor was there any legal obligation upon it to construct sewers for the escape of such water. If however it did undertake to exercise the discretionary power conferred by its charter, and to build culverts and sewers for the drainage of the City, they were bound, as we have said, to exercise reasonable care in the execution of the work. And if by reason of their negligence in this respect, the water and drainage, instead of flowing through the sewer, dammed up at its mouth, and flooded the premises of an adjacent owner, the defendant is answerable for the injury.

*Judgment affirmed.*

(Decided 9th January, 1889.)