Reed, J.,
delivered the opinion of the court.
The foundation of this action, as shown in the complaint, was negligence of the municipal government of the city, by which, it was alleged, the parties sustained damage. The right of a city to interfere with natural water courses within .their corporate limits is given by sec. 3312, Gen. Stats., and is as follows:
“ The city council and board of trustees in towns .shall have the following powers:
*****
“ Eleventh — To deepen, widen, dock, cover, wall, alter ox-change the channel of water courses.”
It will be seen that the privilege, the right, the power, is given to be exercised or not, at the discretion of the city. There is nothing obligatory; no compulsory legislation. Primarily, the state, in its sovereign capacity, had the power of *52 such control. By the act, the state, within tlie corporate limits of a city, divests itself' of this power and confers it upon the municipality.
It is not, as supposed in argument by the learned counsel of the defendant in error, a state undertaking where the municipal authorities are the agents of the state, which presupposes specific legislation and the elaboration and adoption of plans by the-state. The learned counsel say: “It (the municipality) cannot be made to respond in damages for the negligent manner in which the work was performed, because it is to be deemed as the agent of- the state in the prosecution of the enterprise and in no respect to be held a principal in the transaction.”
Here appears the fundamental error upon which the judgments of the court were based. The improvement had its origin and inception-in the city government, for the benefit of the city. It was the principal and not the agent.
It cannot be said that the undertaking was for the profit of the citj'-, like water, gas and that class of improvements. It appears that adjoining the river on both sides, were large bottoms of lowland subject to- overflow at high, water. To reclaim and utilize such land, must, if properly accomplished, greatly add to the value of taxable property. In the same section of the statute, by subdivision nine, the power is delegated by.the state to the corporation “To construct and keep in repair bridges, viaducts and tunnels,” etc. By the tenth subdivision: “ To construct and keep in repair culverts, drains, sewers and cesspools; ” and by the eleventh (the one under consideration) : “ To deepen, widen, dock, cover, wall, alter or change the channel of the water courses.” I cannot see how the clause in question and the privileges there granted are to be distinguished from the others conferred, so as to make the municipality, after accepting and entering upon the improvement, the agent of the state, and thus escape responsibility, any more than in the exercise of any other power or privilege conferred.
The contention of counsel for defendant and the able and *53 exhaustive argument in its support, that negligence cannot be imputed to a state, so as to make it chargeable, are- eminently correct, but the trouble is in the application. The law is well settled that when the state agency merely performs the governmental functions of the state, and acquires no individual corporate existence, to hold it responsible for negligence would be the same as holding the state responsible. The unincorporated agencies occupy the same positions as the state and' are protected to the same extent; but, when any state agency becomes a municipal corporation, it thereby acquires an identity distinct from the state, and is made liable for its own negligence. See Laramie County v. Albany County, 92 U. S. 307. The rights and privileges of municipal corporations are only those conferred by the legislature, and in the exercise of those rights and piivileges, rights of. individuals must be respected, or the corporation will be held responsible for the infraction.
The distinction between preliminary questions, the expediency of the improvement, the extent to which it shall be-prosecuted and the plans adopted, for which the corporation is not responsible, and the construction of the work, after it is entered upon, appears .to be well defined. In the latter, for any negligence, responsibility attaches.
In McClure v. City of Red Wing, 28 Minn. 186, it was ably said': “ That in adopting the general plan of an improvement, a municipality performs a legislative duty, whereas the manner of executing it is a ministerial one.” In many eases it has been held that a corporation was liable for the injury, inflicted upon individuals, whether it arose from the adoption of a faulty plan or negligence in construction, but that’ is a question that need not be.here determined. No charge is made in complaints, that the plan was faulty. The injuries were alleged to have been caused solely.by negligence, of construction under the plans adopted, and when such.is the fact, ail authorities concur in holding the corporation liable. The law appears to be well settled that when a cor-, porafion has adopted a plan and enters upon the construction *54 of a public work, the work is then ministerial. The plan must be followed in detail, and any departure or negligence, causing damage to an individual, furnishes a cause of action. Jones on Neg. of Mun. Corporations, secs. 140 to 148; Dillon on Mun. Corporations, sec. 1042, et seq.
At sec. 1048 it is said: “ It is agreed that whenever the duly as respects drains and sewers ceases to be legislative or judicial or quasi judicial, and becomes ministerial, then, although there be no statute giving the action, a municipal corporation is liable to the same extent and on the same prin-s eiples as a private person or corporation would be under like circumstances for the negligent discharge or the negligent omission to discharge such duty, resulting in an injury to others.” And a very long array of authorities are cited in support. See Johnston v. District of Columbia, 118 U. S. 19; McClure v. City of Red Wing, supra; Benford v. Grand Rapids, 53 Mich. 98; Evansville v. Decker, 84 Ind. 325; City of Indianapolis v. Lawyer, 38 Ind. 348; Child v. City of Boston, 4 Allen, 41; Mills v. City of Brooklyn, 32 N. Y. 489; Ashley v. City of Port Huron, 35 Mich. 296; Weis v. City of Madison, 75 Ind. 241; Gilluly v. City of Madison, 63 Wis. 518; Frostburg v. Duffy, 70 Md. 47; Frostburg v. Hutchins, 70 Md. 56; Hans v. Bethlehem, 134 Pa. St. 12; Stanchfield v. The City of Newton, 142 Mass. 110.
These are but a few of the many cases that might be cited to establish the proposition that a municipal corporation will be held liable for damage to individual property caused by negligence in the construction of public improvements.
The allegations of the complaints, in substance, are as follows :
First: That the defendant undertook to construct on each side of the river a levee or dyke from the bridge of The Atchison, Topeka & Santa Fe Railroad Company down to the bridge of The Denver & Rio Grande Railway Company, some eight feet high, to connect at the ends with the embankments of the respective railroads.
Second; That the one upon the north side was completed *55 according to the plan, and that upon the south side was constructed from the Denver & Rio Grande bridge up the stream to within one hundred and fifty feet of the bridge of the Atchison, Topeka & Santa Fe Railroad, when the work was stopped, leaving the gap of one hundred and fifty feet at the upper end of the -dyke or levee.
Third: That in August, 1889, the stream was swolleii by rain and a large volume of water came down, and that by reason of the narrowing and restricting the channel below by the construction of the embankments, the water was obstructed, forced through the space where the levee had not been constructed, flooding the property of plaintiffs, and inflicting great injury by the destruction of goods.
Fourth: That the building occupied by plaintiffs was constructed in 1880, and had never, in the highest floods, before the construction of the levee, been overflowed or troubled by high water.
Fifth: That the work had been stopped or abandoned in that unfinished condition a year or more before the injury occurred.
In my view of the law as stated above, I think the complaint stated substantial and valid causes of action, that the issues tendered should have been met, the questions of fact determined by a jury, and that the court erred in sustaining the demurrer.
The judgment will be reversed.

Reversed-